■ FONTAINE DUNN et al., Respondents-Appellants, v THOMAS BERGER et al., Appellants-Respondents. — Order of the Supreme Court, New York County (Thomas V. Sinclair, J.), entered on July 17, 1984, which, *inter alia,* denied plaintiffs' motion to renew and/or reargue the court's prior order of January 16, 1984, denied plaintiffs' motion seeking an increase in defendants' bond, denied plaintiffs' request that defendants provide and pay for their alternate housing during the time that renovations of the subject building take place, denied plaintiffs' motion for an order directing that defendants not pass along the costs of renovation and legalization of the building under Multiple Dwelling Law article 7-C, ordered that the matter herein be referred to the New York Loft Board to hear and determine and stayed all proceedings in the Supreme Court, New York County, pending such determination, is affirmed, without costs or disbursements.

Resettled order of the Supreme Court, New York County (Thomas V. Sinclair, J.), entered on January 16, 1984, which, *inter alia,* granted the motion and cross motion for reargument to the extent indicated, ordered the individual plaintiffs to remove all of their personal property and belongings from the subject premises within 15 days from the date defendants notify plaintiffs' attorneys that defendants have posted the required

bond, directed defendants to commence work as soon as possible in order to repair and renovate the building known as 190A Duane Street in New York County and to obtain a residential certificate of occupancy in accordance with plans approved by the Department of Buildings within 12 months from the date that plaintiffs have vacated the premises, ordered that defendants shall restore plaintiffs to possession of their present apartments as soon as construction is completed and a residential certificate of occupancy has been obtained, ordered that plaintiffs refrain from interfering with defendants' progress in making the necessary construction and repairs and ordering that defendants post a $30,000 surety bond, is modified, on the law and in the exercise of discretion, to the extent of striking the requirement that defendants post a bond, directing that plaintiffs remove all of their property and belongings from their respective apartments within 30 days of the date of this order and directing that defendants commence work as soon as possible thereafter in order to repair and renovate the building in question and to obtain a residential certificate of occupancy within 12 months and 30 days of the date of this order, and otherwise affirmed, without costs or disbursements.

Multiple Dwelling Law article 7-C does not contain any authorization for compelling the owner of an interim multiple dwelling to post a bond and, at any rate, there does not appear to be any necessity for a bond under the circumstances herein. However, Special Term appropriately directed defendants to repair and renovate the subject premises and obtain a residential certificate of occupancy within 12 months after the tenants vacate their respective apartments and remove all of their furnishings and other personal property. In that connection, Multiple Dwelling Law § 284 merely requires that the owner of an interim multiple dwelling take all reasonable and necessary action to obtain a certificate of occupancy within 36 months of the effective date of article 7-C, which was on June 21, 1982. Consequently, that provision did not bar Special Term from directing defendants to repair and renovate the building in question and obtain a certificate of occupancy within the specified 12-month period of time. Special Term was also warranted in directing that the tenants promptly vacate their apartments and remove all of their belongings in order that renovation on the premises can proceed and that the tenants be restored to possession as soon as construction is completed and a residential certificate of occupancy has been obtained. Further, the court properly found that the tenants are not entitled to reimbursement for the expenses involved in their having to be temporarily relocated. The instant matter was appropriately referred to the

Loft Board for determination as to all other issues. Concur — Sandler, J. P., Carro, Milonas and Kassal, JJ.